IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLES TYSON,             )
                                 )
          Plaintiff,         )
                                 )
                                 )     CIV-11-617-M
v.                           )
                                 )
DEBBIE MORTON, et al.,    )
                                 )
         Defendants.    )

## REPORT  AND  RECOMMENDATION

On June 2, 2011, Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. §1983.  Plaintiff named as Defendants three state correctional officials, and he sought damages from Defendants in their individual capacities for alleged violations of his constitutional rights in connection with institutional disciplinary proceedings.  Defendants have caused the filing of a Special Report consistent with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978), completed by the Oklahoma Department of Corrections, and Defendants have moved for summary judgment with respect to Plaintiff's claims against them. (Docs. # 16, 17).

Before the undersigned is Plaintiff's Motion for Dismissal of his action.  (Doc. # 20). Plaintiff has apparently reconsidered the legal merits of his action in light of the summary judgment motion filed by Defendants and the documentary evidence included in the Special

1

Report.  A voluntary dismissal of the action without approval of the Court is unavailable to

Plaintiff at this juncture of the litigation. See Fed. R. Civ. P. 41(a)(1)(voluntary dismissal of

action by the plaintiff may be made without court order  before the opposing party serves

either an answer or a motion for summary judgment).  However, an action may be dismissed

by court order on appropriate terms. Fed. R. Civ. P. 41(a)(2).  Plaintiff's Motion for

Dismissal is therefore construed as a motion seeking dismissal of the action under Rule

41(a)(2).

      In light of the circumstances, including the absence of any indication of prejudice to

Defendants at this relatively early stage of the litigation, Plaintiff's Motion to Dismiss should

be granted, and the action should be dismissed without prejudice.


RECOMMENDATION

      Based on the foregoing findings, it is recommended that Plaintiff's Motion for

Dismissal, construed as a motion seeking dismissal of the action pursuant to Fed. R. Civ. P.

41(a)(2), should be GRANTED and the cause of action should be dismissed without

prejudice.  The parties are advised of their respective right to file an objection to this Report

and Recommendation with the Clerk of this Court by ____November 22nd_____, 2011, in

accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this

Report and Recommendation would waive appellate review of the recommended ruling.

Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __2nd__ day of ____November___, 2011.

_____
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE